IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES CORVIN GARDNER, | : | Civil No. 3:24-cv-1843 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| DR. MALIK, *et al.*, | : | |
| Defendants | : | |

**MEMORANDUM**

Plaintiff James Gardner ("Gardner"), an inmate who was confined, at all relevant times, at the Lackawanna County Prison, in Scranton, Pennsylvania, initiated this negligence action on October 25, 2024. (Doc. 1). The complaint is presently before the Court for preliminary screening pursuant to 28 U.S.C. § 1915A(a). Along with the complaint, Gardner filed an application to proceed *in forma pauperis*. (Doc. 2). Based on the financial information provided in the application, the Court will grant the application to proceed *in forma pauperis*. Additionally, for the following reasons, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.   Legal Standards**

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A. The Court is required to identify

cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b). This initial screening is to be done as soon as practicable and need not await service of process. See 28 U.S.C. § 1915A(a).

In dismissing claims under §§ 1915(e)(2) and 1915A, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., *Smithson v. Koons*, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) (stating "[t]he legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Federal Rule of Civil Procedure 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "factual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

*Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

Because Gardner proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

## II. The Complaint

In the complaint, Gardner names as Defendants Dr. Satish Malik, WellPath Corporation, and the Warden of the Lackawanna County Prison. (Doc. 1). Gardner alleges that Dr. Malik was negligent by prescribing him Remeron without warning him of the

4

potential side effects. (*Id.*). The complaint does not set forth any allegations against WellPath or the Prison Warden.

Gardner states that on March 23, 2023, he was prescribed Remeron, a "psyche medication" that was administered to enhance sleep. (*Id.* at p. 4). He alleges that Dr. Malik did not inform him of any side effects of the medication, such as high blood pressure and excessive eating. (*Id.*). After taking the medication, Gardner states that he ate an "excessive" amount of food, gained weight, and ultimately became diabetic. (*Id.*).

Gardner seeks monetary relief. (*Id.* at p. 5).

## III. Discussion

The Court liberally interprets Gardner's claims as arguing that Dr. Malik demonstrated deliberate indifference to a serious medical need by prescribing medication without warning him of the potential side effects.

Prison officials violate the Eighth Amendment when they are deliberately indifferent to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). To succeed on such a claim, "a plaintiff must make (1) a subjective showing that 'the defendants were deliberately indifferent to [his or her] medical needs' and (2) an objective showing that 'those needs were serious.'" *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017) (alteration in original) (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would recognize the

5

necessity for a doctor's attention." *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).  For purposes of initial review, the Court will assume Gardner's diabetes meets the criteria for an objectively serious medical need.

Gardner's claim of deliberate indifference for Dr. Malik's prescription of Remeron, allegedly resulting in excessive eating and diabetes, fails.  Gardner does not allege that Dr. Malik knew prescribing him Remeron carried an excessive risk of increased appetite or developing diabetes.  Even if Gardner could plead that Dr. Malik knew Remeron could cause an increase in appetite and place an individual at risk for diabetes, prescribing medications with potential side effects does not necessarily amount to deliberate indifference to serious medical needs.  *See, e.g.*, *Maldonado v. Terhune*, 28 F. Supp. 2d 284, 290 (D.N.J. 1998) ("Prescribing medication that may have side effects does not amount to 'deliberate indifference' to serious medical needs as is necessary to support a claim under *Estelle*.").

For example, in *Bryant v. Kaskie*, an inmate alleged a nurse practitioner acted with deliberate indifference when she prescribed the inmate medication without informing of its common side effect, causing him to develop gynecomastia.  *Bryant v. Kaskie*, 744 F. App'x 39, 41 (3d Cir. 2018) (*per curiam*).  The district court dismissed the claim and the Third Circuit Court of Appeals affirmed, finding the nurse practitioner's "alleged failure to inform [the inmate] of the potential side effects of [the medication] is insufficient to demonstrate deliberate indifference."  *Id.* at 42.  The Third Circuit Court reasoned, "[e]ven if this

6

allegation could rise to the level of negligence, simple negligence cannot support an Eighth Amendment claim." *Id.* (citing *Estelle*, 429 U.S. at 106).

Therefore, assuming Dr. Malik knew of the risk that Gardner might have an increased appetite and might develop diabetes if he took Remeron and failed to inform him of the risk, this is not enough to state an Eighth Amendment claim for deliberate indifference to a serious medical need. *See Jetter v. Beard*, 130 F. App'x 523, 526 (3d Cir. 2005) (*per curiam*) (finding the failure to inform plaintiff of side effects of Prednisone "amounts to nothing more than negligence" and was insufficient to state Eighth Amendment claim). Gardner's claim appears to sound in state law negligence or medical malpractice, rather than deliberate indifference. Though the stringent standard of deliberate indifference prevents this § 1983 action from moving forward, Gardner's claims may be subject to vindication under state law.

### III. Leave to Amend

Before dismissing a complaint for failure to state a claim upon which relief may be granted, the Court must grant the plaintiff leave to amend the complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002). The Court concludes that granting Gardner leave to amend would be futile as the actions of which he complains simply do not rise to the level of a constitutional violation.

## IV. Conclusion

For the foregoing reasons, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). A separate Order shall issue.

                                              Robert D. Mariani
                                              United States District Judge

Dated: October 28, 2024